**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CARL J. CIESLIKOWSKI; CATHY L. CIESLIKOWSKI, <br><br> Plaintiffs-Appellants, <br><br> v. <br><br> FCA US LLC, a Delaware Limited Liability Company, <br><br> Defendant-Appellee. | No.   19-55679 <br><br> D.C. No. 5:17-cv-00562-MRW <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Michael R. Wilner, Magistrate Judge, Presiding

Submitted June 2, 2020[**]
Pasadena, California

Before: FERNANDEZ and OWENS, Circuit Judges, and AMON,[***] District
Judge.

---

[*]       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Carol Bagley Amon, United States District Judge for
the Eastern District of New York, sitting by designation.

Plaintiffs Carl J. Cieslikowski and Cathy L. Cieslikowski (the Cieslikowskis) appeal the judgment as a matter of law (JMOL) entered against them after a jury returned a verdict in their favor in their action against FCA US LLC (Chrysler) for defects in their model year 2012 Jeep Grand Cherokee vehicle (the 2012 Jeep). They argue that the district court erred in determining that the evidence was inadequate to support the jury's verdict on their fraudulent concealment[1] claim. We reverse in part, and we vacate and remand in part.

Substantial evidence supported the jury's verdict. *See Johnson v. Paradise Valley Unified Sch. Dist.*, 251 F.3d 1222, 1226–27 (9th Cir. 2001); *see also EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009). Viewing the record in the light most favorable to the Cieslikowskis,[2] a reasonable jury could conclude that Chrysler knew[3] of the problematic Totally Integrated Power Module (TIPM) in the 2012 Jeep when it provided that vehicle to the Cieslikowskis in December 2011. The jury could reasonably determine that it is material to a reasonable

---

[1]    *See Kaldenbach v. Mut. of Omaha Life Ins. Co.*, 100 Cal. Rptr. 3d 637, 652 (Ct. App. 2009).

[2]    *See Johnson*, 251 F.3d at 1226; *see also Go Daddy Software*, 581 F.3d at 961.

[3]    *See RSB Vineyards, LLC v. Orsi*, 223 Cal. Rptr. 3d 458, 464–65 (Ct. App. 2017); *OCM Principal Opportunities Fund, L.P. v. CIBC World Mkts. Corp.*, 68 Cal. Rptr. 3d 828, 854 (Ct. App. 2007).

consumer that a vehicle has a problematic component (i.e., the TIPM) that causes its engine to stall unexpectedly or fail to start reliably. *See Engalla v. Permanente Med. Grp., Inc.*, 938 P.2d 903, 919 (Cal. 1997); *see also Gutierrez v. Carmax Auto Superstores Cal.*, 248 Cal. Rptr. 3d 61, 87 (Ct. App. 2018). There was evidence suggesting that TIPMs were materially similar across Chrysler's vehicle models, that they shared common and obvious defects that caused the vehicle engines to stall or to fail to start, that Chrysler knew of the problem, and that Chrysler did not know whether the problem had been solved. In light of the evidence, the jury could reasonably infer[4] that Chrysler committed fraud when it provided the 2012 Jeep to the Cieslikowskis and assured Carl Cieslikowski that the electrical problems affecting their previous Jeep had been resolved. *See Rutledge v. Hewlett-Packard Co.*, 190 Cal. Rptr. 3d 411, 422–24 (Ct. App. 2015); *see also Kaldenbach*, 100 Cal. Rptr. 3d at 652. Thus, the district court erred in entering JMOL on the merits of the Cieslikowskis' fraudulent concealment claim, and the compensatory damages award following therefrom.

As a result of the grant of the JMOL on the merits of the fraudulent concealment claim, the district court also overturned the punitive damages award against Chrysler. In light of our conclusion regarding the merits, we also vacate

---

[4] *United States v. Navarette-Aguilar*, 813 F.3d 785, 793 (9th Cir. 2015).

the grant of the JMOL on the punitive damages award and remand for the district court to decide in the first instance whether substantial evidence supported the jury's punitive damages verdict.[5] *See Pullman-Standard v. Swint*, 456 U.S. 273, 291–92, 102 S. Ct. 1781, 1791–92, 72 L. Ed. 2d 66 (1982).

**REVERSED in part, and VACATED and REMANDED in part.** Costs shall be taxed to Chrysler.

---

[5]     We note that Chrysler also sought relief on the bases that the Cieslikowskis had sought and obtained a civil penalty, that there was insufficient evidence that a Chrysler managing agent had ratified the fraud, and that the punitive damages award was unconstitutionally excessive.